

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES D. EVANS | : | CIVIL ACTION |
| v. | : | |
| UNITED STATES OF AMERICA | : | NO. 12-00677 |

FILED
FEB 22 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

MEMORANDUM

SHAPIRO, J.                                    FEBRUARY 22, 2012

James Evans brought this action against the United States, seeking to renounce his American citizenship because he is dissatisfied with the country's foreign policy, particularly the wars in Afghanistan and Iraq. He asks that this Court accept his renunciation and order that he "be provided with travel documents as a stateless person" so that he may be deported to Cambodia, Saudi Arabia, Dubai, Qatar, Pakistan, or Iran. He also filed an "emergency petition" seeking an "emergency hearing" and appointment of counsel.

Evans's motion to proceed in forma pauperis is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss Evans's complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"). Whether a complaint fails to state a claim

under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quotations omitted).

Evans seeks to renounce his citizenship pursuant to 8 U.S.C. § 1481(a)(6). According to that provision, an American citizen may relinquish his citizenship by

> making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense[.]

Id. Therefore, if Evans seeks to renounce his citizenship, he must take his renunciation request to the appropriate agency, which appears to be United States Citizenship and Immigration Services ("USCIS").[1] See Kaufman v. Holder, 686 F. Supp. 2d. 40, 45 (D.D.C. 2010) (accepting the conclusion that "the Director of USCIS has the responsibility to administer § 1481(a)(6)"). If

---

[1] According to a 2002 legal memorandum from the Office of Legal Counsel, "no regulation for accepting a formal renunciation within the United States pursuant to [§ 1481(a)(6)] is necessary, as the requisite form [can] be produced by the Attorney General at the time a citizen seeks to exercise that right." Kaufman v. Mukasey, 524 F.3d 1334, 1340 (D.C. Cir. 2008) (citation, ellipsis and quotations marks omitted).

2

USCIS ignores his request or prevents him from renouncing his citizenship, he may return to federal court at that time. Until then, Evans has no basis for a federal action. See Walker v. Holder, 714 F. Supp. 2d 44, 48 (D.D.C. 2010) ("In the absence of a request obligating the defendant agencies to act . . . the complaint fails to state a claim upon which relief can be granted under the [Administrative Procedures Act], the mandamus statute or the Declaratory Judgment Act.").

As Evans's complaint appears to seek a ruling from this Court in the first instance on his renunciation request, it is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim. However, this Court will grant Evans leave to file an amended complaint in the event that he has already presented his renunciation request to USCIS and seeks review of the agency's decision. See Grayson, 293 F.3d at 114. An appropriate order follows.

*Norma L. Shapiro, J.*